UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                              CASE NO.  8:14-CR-262-T-17JSS

MARK J. UNREIN.

_____/

ORDER

This cause is before the Court on:

Dkt. 144     Motion for Judgment of Acquittal
Dkt. 145     Response in Opposition

Defendant Mark J. Unrein moves for an order acquitting Defendant of all counts, pursuant to Fed. R. Crim P. 29(c)(1), or in the alternative, to grant a new trial pursuant to Fed. R. Crim. P. 33.

As to the Motion for Judgment of Acquittal, Defendant Unrein argues that the Government has failed to prove the essential elements of all Counts alleged against Defendant Unrein beyond a reasonable doubt.

As to the Motion for New Trial, Defendant Unrein argues that, pursuant to Fed. R. Crim P. 33(a), the Court may vacate any judgment and grant a new trial if the interest of justice so requires.

The Government opposes Defendant's Motion.

Case No. 8:14-CV-262-T-17JSS

I. Standard of Review

A). Fed. R. Crim. P. 29(c)(1)

When considering a Rule 29 motion for acquittal, the Court must "view all the evidence in the light most favorable to the government." See United States v. Sellers, 871 F.2d 1019, 1020 (11th Cir. 1989)(citing Glasser v. United States, 315 U.S. 60 (1942)). The Court is required to "resolve any conflicts in the evidence in favor of the Government" and "accept all reasonable inferences that then to support the government's case." U.S. v. Ward, 197 F.3d 1076 (11th Cir. 1999)(citing United States v. Taylor, 972 F.2d 1247, 1250 (11th Cir. 1992); United States v. Burns, 597 F.2d 939, 941 (5th Cir. 1979). The Court must determine "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. "It is not necessary for the evidence to exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." Sellers, 871 F.2d at 1021 (quoting United States v. Bell, 678 F.2d 547, 549 (5th Cir. Unit B 1982)).

B. Fed. R. Crim. P. 33

Fed. R. Crim. P. 33(a) provides:

**(a)   Defendant's Motion.**  Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires......

On a motion for new trial based on the weight of the evidence, the Court need not view the evidence in the light most favorable to the verdict.  It may weigh the evidence and consider the credibility of witnesses......If the court concludes that,

2

Case No. 8:14-CV-262-T-17JSS

"despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

The decision to grant or deny a new trial based on the weight of the evidence is within the sound discretion of the trial court......While the district court's discretion is quite broad, there are limits to it.  The court may not reweigh evidence and set aside the verdict simply because it feels some other result would be more reasonable......The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand......Motions for new trials based on the weight of the evidence are not favored.  Courts are to grant them sparingly and with caution, doing so only in those "really exceptional cases...... [C]ourts have granted new trial motions based on weight of the evidence only where the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies.   United States v. Martinez, 763 F.2d 1297 (11th Cir. 1985)(internal citations omitted).

II. Discussion

Defendant Mark Unrein was charged with one count of attempting to induce, entice, and coerce a minor to engage in sexual activity, 18 U.S.C. Sec. 2422(b), and possession of child pornography, 18 U.S.C. Sec. 2252(a)(4)(B) and (b)(2).

Prior to trial, the Government moved to preclude the entrapment defense, based upon legal insufficiency of evidence. (Dkt. 96).  The Government included an audio CD as Exhibit 3 to the Motion.  The audio CD was not included with the Exhibits in CMECF; the Court has separately filed the audio CD provided to the Court.

Case No. 8:14-CV-262-T-17JSS

In his Response to the Government's Motion in Limine (Dkt. 100), Defendant Unrein contended that there was sufficient evidence for a reasonable jury to find in favor of Defendant, and Defendant Unrein should not be denied an entrapment defense prior to trial.  Defendant Unrein argued that in the Craiglist exchanges, text messages, and phone calls, the undercover agent was regularly inducing Defendant Unrein to elaborate on plans to have sex with her fictional daughter.

The sufficiency of the defendant's evidence of government inducement is a legal issue to be decided by the trial court.  United States v. Parr, 716 F.2d 796, 802 (11th Cir. 1983).  Some cases have applied a de novo standard of review, e.g. United States v. Davis, 902 F.2d 860, 866 (11th Cir. 1990), and others have reviewed the question for an abuse of discretion, e.g. United States v. Alston, 895 F.2d 1362, 1368 (11th Cir. 1990).

An affirmative defense of entrapment "requires two elements: (1) government inducement of the crime; and (2) lack of predisposition on the part of the defendant." United States v. Sistrunk, 622 F.3d 1328 (11th Cir. 2010)(citing United States v. Brown, 43 F.3d 618, 623 (11th Cir. 1995).

The defendant's right to present the entrapment "defense is conditional, since before an entrapment defendant may be presented to the jury, an evidentiary foundation for a valid entrapment defense must be present." United States v. Ryan, 289 F.3d 1339, 1343 (11th Cir. 2002).  "In laying an evidentiary foundation for entrapment, the defendant bears the initial burden of production as to government inducement; once the defendant meets this burden, the burden shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime." Ryan, 289 F.3d at 1343.

To meet this burden, a defendant may produce any evidence sufficient to raise a jury issue "that the government's conduct created a substantial risk that the offense

4

Case No. 8:14-CV-262-T-17JSS

would be committed by a person other than one ready to commit it." This burden is light. Evidence of the Government's mere suggestion of a crime or initiation of contact is not enough; government inducement requires an element of persuasion or mild coercion.

Evidence of "persuasion or mild coercion" may be shown by evidence that the defendant "had not favorably received the government plan, and the government had to 'push it' on him, or that several attempts at setting up an illicit deal had failed and on at least one occasion, he had directly refused to participate." Ryan, 289 F.3d at 1344. The evidence is viewed in the light most favorable to the defendant. United States v. Williams, 728 F.2d 1402, 1404 (11th Cir. 1984). To raise an entrapment defense, "a defendant must prove more than that the government first solicited him or merely provided the opportunity for the crime." United States v. Sistrunk, 622 F.3d 1328, 1333 (11th Cir. 2010)(citing United States v. West, 898 F.2d 1493, 1502 (11th Cir. 1990)).

After the defendant meets his burden to show "some evidence that the government induced the defendant to commit the crime," the question of entrapment becomes a factual one for the jury to decide. United States v. Sistrunk, 622 F.3d at 1333 (citing Ryan, 289 F.3d at 1344).

In this case, Defendant Unrein argued that the undercover agent induced Defendant Unrein to elaborate on how Defendant planned to have sex with her (fictional) daughter in the Craiglist exchanges, text messages and phone calls.

The Government denied that there was inducement, persuasion, or suggestions on the part of the undercover agent. The Government argued that the fact that the undercover agent posted an ad on Craigslist to which Defendant Unrein responded was insufficient to entitle Defendant Unrein to an entrapment instruction. The Government argued that Defendant Unrein immediately indicated he wanted to meet up and

5

Case No. 8:14-CV-262-T-17JSS

repeatedly asked when he could go to the home of the "mom" and "daughter. The Government further argued that Defendant repeatedly attempted to convince the "mom" that Defendant was the correct person to come over to her home and allow her daughter to sexually experiment with. The Government argued that there was no evidence that government conduct created a substantial risk that the offense would be committed by a person other than one ready to commit the offense. United States v. Humphrey, 670 F.2d 153 (11th Cir. 1982). The Government further argued that the facts of this case are almost identical to the facts in United States v. Jason Hargrove, 601 Fed. Appx. 924 (11th Cir. 2015)(unpublished). In Hargrove, the defendant was arrested after an undercover agent posed as a child online and Hargrove used a computer and cell phone to discuss meeting the child for sex, traveled to an undercover location and was arrested. In Hargrove, the government made the first contact; in this case, Defendant Unrein made the first contact.

Defendant Unrein argued that the facts of this case are distinguishable from the facts in Hargrove, in that Defendant Unrein made few references to sex and it was the undercover agent who sought to insert the topic by the undercover agent's consistent probing of Defendant Unrein about helping the "mom's" curious "daughter." Defendant Unrein argued that the undercover agent made several attempts to have Defendant Unrein agree to serving the fictional daughter's sexual needs, and Defendant Unrein told the undercover agent that he was not sexually attracted to her daughter. Defendant Unrein contended that Defendant Unrein met Defendant's light burden, and therefore the question of entrapment became a factual issue for the jury to decide.

The Court has attached an excerpt of the audio CD provided to the Court. Defendant's conversation is marked by quotation marks; if a word or phrase was not intelligible, the Court marked it with brackets. (Exhibit 1.) The Court heard oral argument on the Motion in Limine, and granted the Motion. (Dkts. 110, 114).

6

Case No. 8:14-CV-262-T-17JSS

A. 18 U.S.C. Sec. 2422(b)

In Count I, Defendant Unrein was charged with one count of attempting to induce, entice and coerce a minor to engage in sexual activity (18 U.S.C. Sec. 2422(b)).

Defendant Unrein argues that the Government did not present adequate evidence the Defendant actually intended to attempt to induce, entice or coerce a minor to engage in sexual activity, but, at best, the Government presented evidence to prove that Defendant Unrein attempted to induce or entice the fictional mother and daughter to meet.  Defendant Unrein argues that, in interactions with the undercover agents, Defendant did not describe illicit sexual activity with the fictitious daughter; the topic of sexual activity was repeatedly brought up by the undercover agents.  Defendant Unrein explicitly told the undercover agent in one of the emails that Defendant was not sexually attracted to the fictional underage daughter.  Defendant Unrein did not have any condoms, lubricants or sex toys on his person or in his vehicle she he showed up at the undercover residence.

Defendant Unrein argues that the Government must prove that Defendant Unrein acted with a specific intent to persuade, induce, entice or coerce a minor to engage in unlawful sex to sustain a conviction pursuant to 18 U.S.C. Sec. 2422(b). U.S. v. Murrell, 368 F.3d 1283, 1287 (11th Cir. 2004).  Defendant Unrein argues that, to prove intent, "the [G]overnment must prove that Defendant intended to cause assent on the part of the minor, not that he acted with the specific intent to engage in sexual activity.  U.S. v. Lee, 603 F.3d 904, 914 (11th Cir. 2010).  The Government must prove that Defendant Unrein took a substantial step toward causing assent, not toward causing sexual contact.    Defendant Unrein argues that the evidence only showed that Defendant Unrein had the intent to cause the undercover agents to meet.  Defendant Unrein argues that Defendant never broached the topic of any kind of sexual activity in any of the conversations with either the fictitious mother or daughter.  Defendant Unrein

7

Case No. 8:14-CV-262-T-17JSS

argues that there is a lack of evidence to show that Defendant attempted to gain the fictitious daughter's assent to engage in unlawful sex through calls with either the fictitious mother or daughter, and therefore as a matter of law, the Court should acquit Defendant Unrein as to Count I.

The Government responds that ample evidence shows Defendant Unrein's criminal intent to induce, entice and persuade a minor to engage in illegal sexual activity. Defendant Unrein responded to an ad posted by an "open-minded" mom, and repeatedly discussed having sexual relations with her twelve-year-old child; the "mother" and "daughter" were actually undercover agents. During the phone conversations, Defendant Unrein clearly expressed his interest in illegal sexual activity with the child, and repeatedly expressed to the "mother" that she and the "daughter" would be happy with him.

On May 8, 2014 and May 9, 2014, Defendant Unrein repeatedly communicated with an undercover agent posing as the mother of a 12 year old girl. During the communications, Defendant Unrein and the undercover agent discussed the Defendant engaging in illegal sexual acts with the 12 year old girl. In a phone conversation with the mother, Defendant Unrein stated that he had sex with a child previously, that this wasn't his first time thinking about it, and he had no problems at all with private part touching or sex with the child. Defendant Unrein engaged in chats and telephone calls which clearly demonstrated his criminal intent, and then drove over an hour, late at night, to an undercover house, where Defendant believed the "mother and child" were located. Upon arriving at the undercover house close to midnight, Defendant crept around the entire house in the dark, looking into windows, then emerged from behind the house, met with the "mother," followed her into the house, and was arrested. Defendant had a bottle of prescription Cialis (a medicine for men to cause erections) in his overnight bag.

Case No. 8:14-CV-262-T-17JSS

The Court notes that a defendant takes a substantial step toward completing a crime when his "objective acts mark his conduct as criminal, and, as a whole, strongly corroborate the required culpability." United States v. Yost, 479 F.3d 815, 819 (11th Cir. 2007).   The totality of Defendant Unrein's objective acts is more than sufficient to establish Defendant's specific intent pursuant to 18 U.S.C. Sec. 2422(b) and therefore denies the Motion for Judgment of Acquittal under Rule 29 and Rule 33  as to this issue.

B.  18 U.S.C. Sec. 2252(a)(4)(B)

Defendant Unrein argues that the Government did not produce evidence of Defendant Unrein's control of the images retrieved from the mirrored hard drive of Defendant's laptop computer.  The images were discovered around August 11, 2014, three months after the laptop had been seized,  through the use of forensic software tools.

The Government responds that there was ample evidence that Defendant Unrein knowingly possessed child pornography.  At trial, the forensic agent identified when Defendant Unrein was logged into his computer and compared that to when certain child images wee placed on Defendant's computer, showing Defendant at the computer and logged in when the images were saved.  Other images were introduced to the computer via external media.  All of the individuals aside from Defendant who had access to the computer testified that they did not view any child pornography on the computer.  Various exhibits showed that Defendant spent a substantial amount of time at websites known to contain child pornography, and typed in various search terms that refer to child pornography, e.g. "daddy daughter," "incest," "daughter given for paying the rent."  The Government argues that the evidence of Defendant's knowing possession of child pornography is overwhelming.

Case No. 8:14-CV-262-T-17JSS

After consideration, the Court finds that the evidence admitted at trial was more than sufficient to establish possession of the images.  The Court therefore denies the Motion for New Trial as to this issue pursuant to Rule 29 and Rule 33.

C.  Rule 404(b)

Defendant Unrein requests a new trial based on the improper admission of evidence admitted under Fed. R. Ev. 404(b), including Government's Exhibit 19A, 34A, 34B, 34C and 34D.  Exhibit 19A was a pornographic DVD which contained adult actors and actresses.  Exhibits 34A-D are related to Craiglist postings and responses to Craiglist postings by Defendant Unrein.  Defendant Unrein argues that the admission of the Craiglist postings invited the jury to improperly judge Defendant Unrein based on his sexuality.  Defendant argues that the contents of the interactions between Defendant and the posters were not introduced to give the jurors context of the alleged conversations, and as a result the evidence became a feature of the trial, such that a new trial should be granted.

Prior to trial, Defendant Unrein moved to exclude many of the Craiglist postings (Dkt. 92).

The Government filed its Response in opposition to the Motion in Limine, arguing that the Craiglist postings were admissible, were relevant to Defendant's intent, proper notice of same was given to Defendant,  and any concerns could be addressed by a proper Rule 404(b) instruction to the jury, citing United States v. Sumner, 522 Fed. Appx. 806 (11th Cir. 2013).  The Government argued that admission of the Craiglist postings was necessary to show Defendant's knowledge and lack of mistake or accident, which is permissible use under Rule 404(b).  The Government argued that, within one year, Defendant responded to approximately 699 ads, and posted numerous ads soliciting sex with strangers.  The Government argued that omission of the

10

Case No. 8:14-CV-262-T-17JSS

evidence would permit Defendant to confuse and mislead the jury, particularly as Defendant in other pleadings has referred to how Defendant was in the "strictly platonic" section, as evidence of "innocent intent." The Government further argued that this evidence was directly relevant to any entrapment argument raised by Defendant, and shows his predisposition to use the internet to arrange for sex. The Government asserted that, in this case, the Craiglist evidence was not proffered to show Defendant was a bad person or had bad character, but to show his familiarity with soliciting and responding to ads soliciting sex on the internet, and the records show Defendant's intent, lack of mistake and motive in communicating with the undercover officer.

On July 21, 2015, the Court heard oral argument, and then denied Defendant's Motion in Limine in part, and deferred Defendant's Motion in Limine in part.

The Court notes that the Jury Instructions included a Rule 404(b) instruction (Dkt. 139, p. 7). After consideration, the Court finds that the evidence was properly admitted, and therefore denies the Motion for Judgment of Acquittal as to this issue.

D. Preclusion of Entrapment Defense

Defendant Unrein requests a new trial because he was denied the opportunity to present a defense based on entrapment after the Court granted the Government's Motion in Limine.

The Government responds that Defendant Unrein repeatedly solicited the agent to engage in sex with her "daughter" and there was no evidence to support an entrapment defense; therefore, the Court properly excluded the entrapment defense as legally and factually insufficient as a matter of law.

11

Case No. 8:14-CR-262-T-17JSS

After consideration, the Court finds that the Motion in Limine precluding the entrapment defense was appropriately granted.  The Court therefore denies Defendant's Motion for Judgment of Acquittal as to this issue.  Accordingly, it is

**ORDERED** that Defendant's Motion for Judgment of Acquittal (Dkt. 144) is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this _16th_ day of October, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

12