UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:14-cr-262-T-33JSS

MARK JOSEPH UNREIN

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Mark Joseph Unrein's pro se Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 192), filed on February 3, 2020. The United States of America responded on April 3, 2020. (Doc. # 197). For the reasons that follow, the Motion is denied without prejudice.

I.  **Background**

In July 2015, a jury convicted Mark Joseph Unrein for attempting to induce a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). (Doc. ## 135, 163). The Court sentenced Unrein to 151 months' imprisonment, and his projected release date is January 27, 2025. (Doc. # 163; Doc. # 200-1 at 3).

1

In his Motion, Unrein seeks compassionate release under Section 3582(c)(1)(A), as amended by the First Step Act. (Doc. # 192). The United States has responded (Doc. # 197), and the Motion is ripe for review.

## II. Discussion

The United States argues the Motion should be denied (1) for failure to exhaust administrative remedies and (2) on the merits. (Doc. # 197). Because the Court agrees that Unrein has failed to exhaust his administrative remedies, the Court need not address the merits of the Motion.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Unrein argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,** may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

2

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the Bureau of Prisons' denial of compassionate release." United States v. Estrada Elias, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019)(citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Unrein has not "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" nor have "30 days [lapsed] from the receipt of such a request by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons [] and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief.").

Although Unrein sent two requests for compassionate release to Bureau of Prisons social work staff at Low Security

3

Correctional Institution Butner, he never sent a request to the warden of that facility. (Doc. # 197 at 3-4; Doc. # 200-1 at 3-5). Because he never appealed the denial of his two requests by staff to the warden or otherwise sent a request for compassionate release to the warden, 30 days have not lapsed from the time the warden received such request and Unrein has not exhausted all administrative appeals.

Therefore, Unrein has not exhausted his administrative remedies and his Motion must be denied without prejudice. See United States v. Miller, No. 2:16-CR-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020)("Miller has failed to exhaust his administrative remedies as required by [Section] 3582(c)(1)(A). Accordingly, the Government's motion will be granted and Miller's motion will be dismissed without prejudice. Miller is free to refile it after fully exhausting the Bureau of Prisons' administrative appeals process.")

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Mark Joseph Unrein's pro se Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 192) is **DENIED** without prejudice for failure to exhaust administrative remedies.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of April, 2020.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE