UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:14-cr-262-VMC-JSS

MARK JOSEPH UNREIN

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Mark Joseph Unrein's pro se Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 206), filed on March 15, 2022. The United States of America responded on April 4, 2022. (Doc. # 210). For the reasons that follow, the Motion is denied.

**I.  Background**

In July 2015, a jury convicted Unrein for attempting to induce a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). (Doc. ## 135, 163). The Court sentenced Unrein to 151 months' imprisonment, and his projected release date is January 27, 2025. (Doc. # 163; Doc. # 210 at 2).

In his Motion, Unrein seeks compassionate release under Section 3582(c)(1)(A), as amended by the First Step Act, because of his terminal illness (Non-Hodgkin Lymphoma). (Doc. # 206). The United States has responded (Doc. # 210), and the Motion is ripe for review.

## II. Discussion

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Unrein argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019)

(citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. U.S.S.G. § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Unrein bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Here, it appears that Unrein has exhausted his administrative remedies. (Doc. # 206 at 4). The United States concedes that Unrein has established an extraordinary and

compelling reason for release: his terminal diagnosis with Non-Hodgkin Lymphoma with an 18-month life expectancy. (Doc. # 210 at 3). The United States nevertheless argues the Motion should be denied because Unrein is a danger to the community. (Id.). The Court agrees.

A court should only grant a motion for release if it determines that the defendant is not a danger to any other person or to the community. U.S.S.G. § 1B1.13(2). Likewise, Section 3553(a) requires the imposition of a sentence that, among other things, takes into account the history and characteristics of the defendant, protects the public, reflects the seriousness of the crime, and promotes respect for the law. 18 U.S.C. § 3553(a).

Unrein is an ongoing threat and danger to the community, particularly children. Unrein drove from Pasco County to Citrus County to engage in sexual acts with what he thought was a 12-year-old child. (Doc. # 210 at 3; Doc. # 147 at 5-6). He also possessed multiple images of child pornography, including images of babies and toddlers. (Doc. # 147 at 6). The Motion also reveals that Unrein has not accepted responsibility for his crimes. (Doc. # 206 at 18). As the United States notes, Unrein has not "sought any psychological treatment or counseling (formally or otherwise) relating to

4

sex offender rehabilitation programs or therapies." (Doc. # 210 at 4). Finally, despite Unrein's serious medical condition, early release would not adequately reflect the seriousness of his crimes or promote respect for the law.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Mark Joseph Unrein's pro se Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 206) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of April, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5