UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:14-cr-262-VMC-JSS

MARK JOSEPH UNREIN

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Mark Joseph Unrein's pro se Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 215), filed on April 15, 2023. The United States of America responded on May 28, 2023. (Doc. # 219). For the reasons that follow, the Motion is denied.

**I.  Background**

In July 2015, a jury convicted Mr. Unrein for attempting to induce a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). (Doc. ## 135, 163). The Court sentenced Mr. Unrein to 151 months'

1

imprisonment. (Doc. # 163). Mr. Unrein is 70 years old, and his projected release date is January 27, 2025.[1]

Mr. Unrein's first motion for compassionate release under Section 3582(c)(1)(A), as amended by the First Step Act, was denied without prejudice for failure to exhaust administrative remedies on April 7, 2020. (Doc. # 201). His second motion for compassionate release, based on his terminal illness (non-Hodgkin's lymphoma), was denied on April 25, 2022. (Doc. # 211). Although Mr. Unrein suffered from a terminal illness at that time, the Court found that he represents a danger to the community and that the Section 3553(a) factors weighed against release. (Id. at 4-5).

Now, Mr. Unrein again seeks compassionate release based on his ill health, including non-Hodgkin's lymphoma, "chemo brain," dizziness, and hypertension. (Doc. # 215). He also asserts that the evidence against him at his trial was "false" and "planted" by law enforcement, among other complaints about his trial. (Id. at 19). The United States has responded (Doc. # 219), and the Motion is ripe for review.

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

**II. Discussion**

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Mr. Unrein argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons"

for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; (3) the defendant is at least 65 years old and is experiencing serious deterioration in health due to aging after serving at least 10 years or 75 percent of his term of imprisonment; (4) the death or incapacitation of the caregiver of the defendant's minor children; or (5) the incapacitation of the defendant's spouse when the defendant would be the only available caregiver for the spouse. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Mr. Unrein bears the burden of establishing that compassionate release is warranted. See United States v. Johnson, No. 21-12629, 2022 WL 17246763, at *5 (11th Cir. Nov. 28, 2022) ("As the movant, Defendant had the burden of establishing his entitlement to early release under § 3582(c).").

Here, the United States concedes that Mr. Unrein has non-Hodgkin's lymphoma. (Doc. # 219 at 3). But Mr. Unrein's

prognosis is no longer terminal, and his oncologist recently noted that there is no evidence of the disease progressing. (Id.). Nor is there evidence that any of his conditions prevent him from providing self-care in prison. Thus, Mr. Unrein's medical conditions do not qualify as an extraordinary and compelling reason for compassionate release.

Regardless, even Mr. Unrein had established an extraordinary and compelling reason for compassionate release, the United States argues the Motion should be denied because Mr. Unrein is a danger to the community. (Id. at 5-6). The Court agrees.

A court should only grant a motion for release if it determines that the defendant is not a danger to any other person or to the community. U.S.S.G. § 1B1.13(2). Likewise, Section 3553(a) requires the imposition of a sentence that, among other things, takes into account the history and characteristics of the defendant, protects the public, reflects the seriousness of the crime, and promotes respect for the law. 18 U.S.C. § 3553(a).

The Court again finds that Mr. Unrein "is an ongoing threat and danger to the community, particularly children." (Doc. # 211 at 4). Mr. Unrein "drove from Pasco County to

Citrus County to engage in sexual acts with what he thought was a 12-year-old child." (Id.). "He also possessed multiple images of child pornography, including images of babies and toddlers." (Id.). In this Motion as in his previous motion, Mr. Unrein makes clear that he has not accepted responsibility for his crimes and, instead, claims that law enforcement framed him. (Doc. # 215 at 19-22; Doc. # 206 at 18). Finally, "despite Unrein's serious medical condition, early release would not adequately reflect the seriousness of his crimes or promote respect for the law." (Doc. # 211 at 5).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Mark Joseph Unrein's pro se Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 215) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of May, 2023.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

6